[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties are seeking to dissolve the marriage they entered into on May 11, 1980. There is one child issue of this marriage, Leslie Northrop-Collier born September 13, 1980.
The parties agree that there should be joint custody of the minor child, with primary physical residency with the Plaintiff mother. The Defendant father has reasonable rights of visitation.
The plaintiff is 48 years of age, the defendant is 41 years of age.
The plaintiff is a hardworking and successful real estate agent. Her current annual income is approximately $80,000; and in recent years has exceeded $200,000. The defendant is a licensed electrician and contractor. He currently reports an income of $20,000 annually but has a significantly greater earning potential.
Neither party is claiming alimony. The defendant is ordered to pay child support to the plaintiff in the amount of $80 a week in accordance with the support guidelines.
The families are primarily in dispute concerning their respective interest in the marital residence and personal property.
The Court finds that the fair market value of the marital home at 30 Paper Chase Trail, Avon, Connecticut is $450,000. This value reflects the cost of repairs necessary to market such property. The property has a first mortgage with an approximately principal balance of $260,000. Though both parties contributed to the purchase of such property; the plaintiff's contribution exceeded defendant's by $35,000. Plaintiff is also entitled to improvements to the property since the separation in the amount of $15,000.
The cost of the improvements is partially reflected in a home CT Page 6066 equity loan on the property which largely represents imprudent personal expenditures by the plaintiff.
Subtracting the first mortgage, excess contribution to purchase by plaintiff and credit for improvements since separation leaves a net equity figure of $140,000. The defendant's share of such equity would be $70,000.
The plaintiff when initiating this action took $59,000 from joint accounts of the parties. The defendant's interest in such accounts was $20,000.
In addition, the parties accumulated antiques, furniture and personal items in the home and carriage house. The parties agree that the plaintiff should keep the items in the main residence and the defendant shall receive the items in the carriage house. Defendant also seeks the award of certain personal items in the home.
The plaintiff may retain all items in the main residence which she now occupies. The defendant may retain all the items in the carriage house which he occupies. The plaintiff will pay the defendant an additional $7,500 representing his interest in personal items acquired during the marriage.
The parties will keep their respective motor vehicles, tools, retirement plans, jewelry, and bank accounts.
Plaintiff is obligated pursuant to this judgment to pay the defendant $97,500, which represents full satisfaction for all of defendant's interest in real and personal property now held by plaintiff.
Plaintiff will pay to the defendant $27,500 within 45 days of this judgment. Plaintiff will vacate the carriage house and remove all his personal possessions within 60 days of this judgment. The balance of $70,000 will be secured by a mortgage on the 30 Paper Chase Trail property. The $70,000 mortgage will pay interest only for a period of three years commencing October 1, 1996. Interest payments monthly in advance at the rate of 8%. The mortgage will be payable in full on October 1, 1999, or upon the sale of the property.
No alimony is awarded to either party. CT Page 6067
The marriage is dissolved.
McWeeney, J.